**In the Matter of the Application for the DISCIPLINE of Jerrold M. HARTKE, an Attorney at Law of the State of Minnesota.**

No. C5–86–1996.

Supreme Court of Minnesota.

June 19, 1987.

### ORDER

On the 24th day of November, 1986, the Director filed with this court a Petition for Disciplinary Action against the respondent Jerrold M. Hartke. The petition alleged four counts of improper conduct. The first count concerned misappropriation and improper business transaction with the client (the so-called Oehrlein matter). The second count alleged trust account shortages and failure to keep adequate books and records together with false certifications. The third count alleged commingling of client and personal funds and trust account irregularities. The fourth count alleged neglect of a client matter (the Pierce matter). The respondent, represented by counsel, interposed an answer to the petition. Eventually the petition and answer were submitted to our referee appointed by this court. On April 20, 1987, the referee filed with this court findings of fact, conclusions of law and recommendation for discipline. The referee found that the respondent's conduct in entering into a business transaction with his client (the Oehrlein matter), without disclosing the nature and full implications of their differing interests violated DR 5–104(A), Minnesota Code of Professional Responsibility (MCPR); that his conduct in failing to provide any written receipts, promissory notes or security for the use of Oehrlein's funds violated DR 7–101(A)(3), MCPR; that his conduct in appropriating for his own use $10,000 from Oehrlein which had been given to respondent for investment purposes violated DR 1–102(A)(4), MCPR; respondent's conduct in arranging an unsecured investment between clients, one of whom was also a business associate, constituted a conflict of interest in violation of DR 5–105(A), MCPR; and respondent's conduct in failing to give the original promissory note to

Oehrlein and failing to properly safeguard the note violated DR 9–102(B)(1), (2), (3) and (4), Minnesota Code of Professional Responsibility. With respect to the second count, the referee found that for five years, between 1981 and 1986, the respondent failed to maintain contemporaneous books and records sufficient to demonstrate compliance with disciplinary rules that, notwithstanding such failure, respondent had certified to this court that he did, in fact, maintain trust account books and records sufficient to show preservation of the identity of client funds and property as required by the Code of Professional Responsibility and the subsequent Rules of Professional Conduct. The referee found this failure violated DR 9–102(B)(3) and DR 9–104(A), MCPR, and Opinion No. 9 of the Lawyers Professional Responsibility Board. The respondent's conduct in falsely certifying to this court that he maintained such records, the referee found, violated DR 1–102(A)(4) and DR 9–104(B), MCPR prior to September 1, 1985, and after that date violated Rules 8.4(c) and 1.15(h), MRPC. With respect to the third count, the referee found that the respondent had commingled moneys belonging to his clients (the Moshers) in his trust account, and that such commingling violated DR 9–102(A), MCPR, and after August 31, 1985, Rule 1.15, Minnesota Rules of Professional Conduct. Finally, the referee found that respondent's conduct in failing to pursue the Pierces' tax protest and appeal violated DR 6–101(A) and DR 7–101(A)(1), (2) and (3), MCPR. The referee concluded the evidence failed to suggest that respondent intended to defraud any of his clients, but rather that his conduct as found was contributed to or caused, at least in part, by certain personal mitigating factors. The referee further noted that respondent had taken measures to correct his problems with respect to maintenance of proper records, and that Oehrlein's claim has been settled and the Pierces may not sustain the losses originally caused by respondent's inattention to their files. Based upon these findings and conclusions, the referee made certain rec-

ommendations for discipline to this court. Following the filing of said findings and recommendations, the Director and the respondent entered into a stipulation. In that stipulation, the Director and the respondent waived the filing of briefs and oral argument in this court, and joined in recommending that the referee's recommendation for discipline be adopted by the court. By the terms of the stipulation, the Director and respondent agreed that the reasonable costs incurred by the Director in investigating complaints against respondent and the expenses of auditing his records and accounts amounts to $6,806.48.

Based upon the petition, the answer thereto, the findings of fact of the referee, the conclusions of the referee, and the stipulation of the parties,

IT IS ORDERED:

1. That the respondent is hereby publicly reprimanded and is placed on probation for a period of three years from the date of this order during which time respondent shall comply with the following terms and conditions:

(a) Respondent shall successfully complete the professional responsibility portion of the multi-state bar examination;

(b) Respondent shall be prohibited from engaging in the investment of any money belonging to any of his clients;

(c) Respondent shall maintain books and records concerning all funds and property which respondent holds on behalf of any of his clients, all in compliance with the Minnesota Code of Professional Responsibility. Those accounts shall be audited annually by a certified public accountant with the report to be filed with the Director of Professional Responsibility. All trust accounts, books and records shall be subject to review and inspection by the Director upon his request from time to time.

2. Respondent shall reimburse the Director of the Lawyers Professional Responsibility Board as and for costs incurred by

the Director in investigating the complaints against respondent and the expenses of auditing respondent's records and accounts in the amount of $6,806.48 payable to the Office of the Lawyers Professional Responsibility Board in the amount of at least $500 per month until the amount is fully paid.

3. That respondent commit no further violations of the Minnesota Code of Professional Responsibility.